Mr. Justice Nott
delivered the opinion of the court.
In Roberts on Wills, 28, it is laid down that u a woman under coverture cannot make a will either of lands or of goods, not even of her paraphernalia, without her hus-. bands consent, nor of her debts and choses in action, which are not divested out of her by the marriage, and do not survive to the husband.” This inability arises from the well established principle of the common law, that her civil rights are murged in -the husband. All her con-' tracts are absolutely void. She can make no .disposition of any of her property, either by deed, will or otherwise, (Richardson 35.) It is admitted that she may dispose of her choses in action with'the consent of her husband, (2 Atkins, 49.) But that is considered more in the nature of an appointment, to be carried into execution by’the husband, than a testamentary bequest. And it derives its efficacy more from the consent of the husband than the wilL of the wife. It appears, however, that effect is frequently given to the testamentary dispositions of the wife, in the equity courts of England; as when the husband stipulates that certain personal property shall be enjoyed by the wife separately. In such cases it is held that it shall be enjoyed by her, with all its incidents, whereof the jusl dispon« endi is one. And where she has this power over the principal, she must necessarily have it also over its . produced accretions. But our court of equity has never recognised such a derivative form in a feme covert, as I have been informed by one of the members of that court. They consider .a testamentary disposition of the wife, as deriving its whole support from the consent of the husband.
*478 It has been contended in this case, that if a feme covert have a right to make a testamentary disposition of her property, she may give it to whom she pleases, and as well to her husband as to any body else. But that deduction does not follow. If her power to bequeath was derived ’ alone from her right to hold property that would seem to be,a correct inference. But if it is derived alone from the consent of the husband, then it must be so exercised as to furnish no ground of suspicion that she acted under the influence of his persuasion or coercion. Mr. Justice Lawrence, who delivered the opinion of the court in the case of Scammel vs. Wilkinson, (2 East. 555,) cites a passage from 4 Co. (61 b,) that the law of England will not allow of any custom that a feme covert may make any .devise } for the presumption that the law has, that it will be made by the constraint of the husband.” To which the same learned judge adds, “ if this reason be applied to fes-taments she can make none, unless it be by the consent of the husband and to his prejudice ; in which case a restraint cannot be presumed.” -I apprehend that the same reason does apply to testaments as to devises. The law so carefully protects the wife against the influence which the husband is supposed to exercise over her, that it even visits her crimes upon him, when committed in his presence $ upon the presumption that she acted under his coercion. The power of a feme covert to bequeath is precisely the same as to give or sell j either of which would he good against the husband if done ' with his consent. It would indeed be considered his act. A bequest of a feme covert " .then to her husband with his consent, is nothing more or less, than a gift of the husband to himself. It is to be Ob'-served that there was no covenant or written agreement between the husband and wife in this case, that she might dispose of her, separate estate. There was nothing more than his verbal assent that she might give it to him.
The opinion of the court is that the ordinary decided *479 .correctly in refusing to admit this will to probate ; and this motion must therefore be refused.
Levy and McWillie, for the motion.
Holmes, contra..
Justices Huger, Johnson and Richardson, concurred.